CASE 51—REVIVOR OF REPLEVIN-BONDS—OCTOBER 16.

## Chinn's administrator v. Harrodsburg Savings Institution.

### APPEAL FROM MERCER CIRCUIT COURT.

REPLEVIN-BONDS MAY BE REVIVED BY RULE, OR BY ACTIONS PROSE-
CUTED BY ORDINARY PROCEEDINGS, under the provisions of section
437 of the Civil Code.

Section 437 of the Civil Code does not, either as originally
adopted or as amended, in terms embrace replevin-bonds; but as
no other provision is made for the revivor of such bonds, and as
they by the Revised Statutes are made to have the force and effect
of judgments, it must be assumed that the legislature intended that
the term judgment as used in said section should embrace replevin-
bonds.

J. B. & P. B. THOMPSON, JR., . . . . . For Appellant,

CITED

Civil Code, secs, 2, 3, and 437, amendment of Jan. 19, 1866.
1 Morehead & Brown's Statute Laws, page 90.
4 J. J. Marshall, 286.　　　　9 B. Monroe, 97.
1 Monroe, 90.　　1 Monroe, 249.　　1 Monroe, 266.

JOHN G. KYLE, . . . . . . . . . . . For Appellee,

CITED

7 Bush, 539, Savings Ins. of Harrodsburg v. Chinn's adm'r.
5 Bush, 538, Burge's adm'r v. Brown, &c.
3 Metcalfe, 4, Commonwealth v. Runnion & Hay.
Civil Code, section 437.
Revised Statutes, section 1, article 12, chapter 36.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

Before the adoption of the Civil Code of Practice, proceed-
ings to revive a replevin-bond against the personal representa-
tive of a deceased obligor were by *scire facias*.

By section 437 of the Code it is provided that "a judgment may be revived against the personal representatives, heirs, and devisees, or either of them, of a deceased defendant, by an action prosecuted by ordinary proceedings without verification of the petition." By an amendment to this section, adopted January 19, 1866, it is provided "that when any or all of the defendants in an action against whom there is judgment die, after the rendition of the judgment, and before levy of execution issued thereon, or before the enforcement of the judgment, the plaintiff may by rule in the action revive the judgment against the personal representatives of the deceased defendant, and against his heirs, devisees, or legatees, jointly or severally; but no such judgment shall be revived . . . until the rule or notice to show cause why the judgment should not be revived is executed ten days before the motion to revive is made, and the rule returned executed by delivering a copy to the persons against whom the judgment is sought to be revived." This section does not, either as originally adopted or as amended, in terms, embrace replevin-bonds; but as there is no other provision made for the revivor of such bonds, and as they by the Revised Statutes are made to have the force and effect of judgments, we must assume that the legislature intended that the term judgment, as used in said section as originally adopted, should embrace replevin-bonds, and that under its provisions they can be revived by an action prosecuted by ordinary proceedings. The amendment speaks of revivor by rule being had against any or all of the defendants in an *action* against whom there is a judgment, before levy of execution or before the enforcement of the judgment.

It is insisted that the surety on a replevin-bond is in no sense a party to the action in which the judgment was rendered, and hence that this amendment does not apply to the revivor of such bonds against the personal representatives, heirs, or devisees of a deceased surety therein, but is confined

to judgments which have not been enforced by a sale of property or merged by the execution of replevin-bonds.

We are of opinion that a construction of this amendment so technical as that stated will have the effect of defeating the legislative will.   It was the evident intention of that body to simplify and render less expensive proceedings looking merely to the revivor of judgments, and bonds having the force and effect of judgments; and, notwithstanding the fact that the language used is "defendants in the action" in which the judgment was rendered, we can not but conclude that defendants in replevin-bonds are intended to be embraced.

It results therefore that the proceeding by rule in this case was not erroneous.   Judgment affirmed.